NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12127

RICHARD FELTON <u>vs</u>. COMMONWEALTH.

August 9, 2016.

<u>Supreme Judicial Court</u>, Superintendence of inferior courts. <u>Practice, Criminal</u>, Stay of proceedings.

The petitioner, Richard Felton, appeals from a judgment of a single justice of this court denying his request to stay the reinstatement of his criminal sentences after the Appeals Court reversed the trial judge's order granting a new trial in the underlying case. We affirm.

The defendant was convicted in 2008. The Appeals Court affirmed his convictions and the denial of his first motion for a new trial in 2011. <u>Commonwealth</u> v. <u>Felton</u>, 78 Mass. App. Ct. 1118 (2011). The trial judge granted the petitioner's second motion for a new trial in 2012. The Appeals Court reversed, which had the effect of reinstating the convictions. <u>Commonwealth</u> v. <u>Felton</u>, 87 Mass. App. Ct. 1134 (2015). This court denied the petitioner's application for further appellate review. <u>Commonwealth</u> v. <u>Felton</u>, 473 Mass. 1108 (2015).

Approximately five months after we denied further review, the petitioner filed in the county court the petition that is the subject of this appeal. He requested that the single justice stay the reinstatement of his sentences pending a ruling on a petition for certiorari that he had filed, or was about to file, in the United States Supreme Court. The single justice denied the petition without a hearing.[1]

_____

[1] The petitioner filed his petition pursuant to G. L. c. 211, § 3. In the alternative to a stay of the reinstatement

The single justice correctly denied the petition. The petition appears to have been filed in this court on the mistaken premise that it was this court that issued the appellate rescript to the trial court.[2] This court did not decide the appeal and hence did not issue the rescript; the Appeals Court decided the appeal and issued the rescript to the trial court reversing the order granting a new trial. See Mass. R. A. P. 23, as appearing in 367 Mass. 921 (1975). If the rescript is to be recalled, it is for the Appeals Court to do that. Moreover, any request in the State courts to stay the sentences pending the outcome of the certiorari petition in the Supreme Court, with the case in this posture, should have been made in the Appeals Court, and, if considered by a single justice there, would have been subject to review ultimately by a panel of the Appeals Court. See Mass. R. A. P. 6 (b), as appearing in 454 Mass. 1601 (2009); Mass. R. Crim. P. 31, as appearing in 454 Mass. 1501 (2009). See also 2009 Reporters' Notes to Mass. R. A. P. 6, Mass. Ann. Laws Court Rules, Rules of Appellate Procedure, at 26 (LexisNexis 2015-2016). We see no reason why a single justice of this court should rule on such a request in the first instance, or, indeed, why the extraordinary intervention of this court is needed at all in light of the adequate alternative remedies.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Richard Felton</u>, pro se.

---

of his sentences, he requested an order recalling the issuance of the appellate rescript.

[2] The petitioner's memorandum on appeal erroneously states that this court issued the appellate rescript "instructing the court below to execute on the judgment reached by the Appeals Court," and therefore "it is only this [c]ourt that can override that order."